The plaintiff alleges in his petition that he was employed by the defendant railroad company in carrying mail from the depot to the post office in the town of Sulphur, Louisiana, and on October 18, 1943, at about six o'clock in the morning, when it was still dark, while delivering sacks of mail from the depot to the post office in a pushcart furnished him by the employer for that purpose, and that the pushcart at that time did not have any lights on it, it was run into by an automobile driven by another party and in the accident he sustained severe injuries. His demand is one for damages arising out of the accident.
In paragraph four of his petition he alleges that one of the proximate causes of the accident was the negligence of his employer and of its officers, in furnishing him with a pushcart without light equipment to carry the mail, when it was still dark, over the public highway from the post office to the railroad station.
The defendant filed an exception of no cause or right of action which is based on two propositions:
1. That under the State Highway Regulatory Act, Act No. 286 of 1938, a vehicle such as a pushcart, which is operated by human power, is exempt from the provisions of that statute which requires motor vehicles on the highway to have lights at night, and therefore it was not negligence *Page 773 
on the part of the defendant to have furnished the plaintiff a pushcart without such equipment.
2. That the plaintiff, being engaged in carrying mail, was a Government employee and therefore not in the employ and service of the defendant at the time he was injured and therefore it cannot be held liable to him for damages.
The trial judge wrote an opinion for the record in which he states that he was convinced that the exception was well founded on the first proposition but should the appellate court not agree with him on that point he gives his reasons why he thinks that the exception should prevail on the second issue raised. From a judgment sustaining the exception and dismissing his suit, plaintiff has taken this appeal.
Plaintiff's cause of action is predicated on a Federal Statute which reads in part as follows:
"Every common carrier by railroad while engaging in commerce between any of the several States or Territories * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C.A. § 51.
[1] The cause of action therefore is one arising in tort and is based essentially on negligence. In this State, the whole law of tort is embodied in a few Articles of the Civil Code, beginning with Article No. 2315, and in the jurisprudence construing those Articles. Under that jurisprudence, it is well settled that the violation of any of the provisions of a state statute which may require the doing of a certain thing, or prohibit or exempt one from doing another, does not constitute negligence per se. It may give rise to a presumption of negligence, or as in some cases it may even create a prima facie case of negligence, all of which however is subject to rebuttal by proper and sufficient evidence.
[2] The situation in this case is one in which the defendant claims that it is exempt from one of the requirements of the law by a provision of the statute itself, and as the statute provides that it is not negligence to operate a pushcart on the highway during darkness without lights, the court cannot step in and say that that constitutes negligence. If the violation of a statute is not negligence per se then it would seem that the converse of the proposition is equally true and the exemption from one of the requirements of the statute is not of itself freedom from negligence.
[3] The State Highway regulatory act is a law enacted in the interest of public safety. To enforce its provisions certain penalties are prescribed for their violation. It came into being as a result of the danger that is involved in operating motor vehicles on the public highways of the State. It is not because, in defining the term "vehicle" it excluded one that is operated by human power, that it ever was intended that such a vehicle could be operated haphazardly and without any precaution against danger at all, and one who so uses it or is made to use it by another, without having it properly equipped against such danger, cannot thereby be deprived of a cause of action against the party who he claims caused him injury.
[4, 5] The standard by which the negligence charged against the defendant in this case is to be measured is not by any of the provisions of that statute, but rather by its conduct in its relation with the plaintiff who alleges that he was its employee, under the particular circumstances set out by him and which he alleges gave rise to the accident and his resulting injuries. That standard by which it is to be judged in determining whether it was negligent or not, is the care and prudence which an ordinarily prudent person would exercise under similar circumstances. If they did furnish him with a pushcart with which to carry the mail it would seem that the standard required that they furnish him with one that was equipped with all that was necessary in order for him to safely operate it on a public highway. If equipping it with lights tended to promote his safety and their failure to do so was the proximate cause of the accident, as he has alleged, then he has set out a cause of action. He next has to supply the court with proper and sufficient proof that the defendant's failure in that respect was the proximate cause of the accident and of his resulting injury before he can recover.
On the second point raised it is urged that this plaintiff was not in the employ of *Page 774 
the defendant at the time he was injured. As he alleges that he was engaged in carrying the mail, it is contended that he was in the employ of the United States Government as all mail carriers are government employees.
[6, 7] Taking the petition and its allegations for true, as we now must, plaintiff definitely was in the employ of the defendant. He alleges so specifically, stating what the nature of his employment was and the particular duties he was performing at the time of the accident. To get around these allegations, and to support its exception, defendant refers to the United States statutes on the subject, as well as to the postal regulations, to show that he has to be treated as a government employee. Under one of these regulations, it is provided that where the railroad is required to perform transfer services, which we take to mean the service defendant performed in this case through the plaintiff because the post office is not directly contiguous to the railroad depot, that then becomes a matter that is beyond and outside of the regular contract between the government and the railroad company. It is a service for which the railroad is separately paid and the amount paid is to be measured by the amount it pays to its agents or employees who perform this service. As we recall, counsel for defendant stated in argument that in this case the railroad company paid this plaintiff his salary or wages but maintained that he was in the government employ because the government reimbursed the railroad company for what it paid him. It strikes us that if the railroad company paid him, he looked to it for his salary and relied solely on it to be paid. The reimbursement of what he was paid by the railroad company was a matter between it and the Government and with which he was not concerned.
Something is said also about that part of the regulation under which he was controlled and instructed in regard to the performance of his duties. That may well be in so far as those duties related to seeing that the mail bags were not tampered with, that he report at a given time to get the mail, or that he protect the mail from bad weather or things like that. But we do not think those regulations bear reference to the physical manner in which he carried the mail from the depot to the train. He might have carried it on foot or he may have used an automobile furnished him by the railroad company instead of a pushcart. In a case like the present, however, where he alleges that the railroad company itself furnished him with the pushcart and that was the manner in which he carried the mail, we are of the opinion that when he left the post office and got upon the highway, he was then under the control of the railroad company and if he was then injured by reason of any negligence which he charges against it, arising out of its failure to have provided for his proper safety, then he has a cause of action against it.
For these reasons we conclude that the judgment of the district court which maintained the exception and dismissed the plaintiff's suit is erroneous and must be reversed.
It is therefore ordered, adjudged and decreed that the judgment appealed from be, and the same is hereby reversed, set aside and annulled and it is further ordered that this case be remanded to the district court for further proceedings, according to law.